IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN ENRIQUEZ,     TDCJ-CID NO. 227122, | § § § | |
| v. | § § | C.A. NO. C-06-207 |
| DOUG DRETKE | § § | |

## ORDER DENYING MOTION FOR DISCOVERY

Petitioner is a state inmate currently incarcerated at the Michael Unit in Tennessee Colony, Texas, who has filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is his "Motion For Production Within The Terms Set Forth In The Court's Service Of Process Order." (D.E. 15).

It appears that petitioner is seeking discovery from respondent related to his state conviction. For example, he states that "[t]he motion to dismiss, intentionally or unintentionally, circumvented portion [sic] of the Service of Process Order requiring production of material documents." Id. at 3. He concludes his motion with a similar request. Id. at 5.

Petitioner previously filed a motion for a copy of the state's answer to his habeas petition. (D.E. 12). On July 5, 2006, that motion for a copy of the state's answer was denied. (D.E. 13).

In lieu of filing an answer, respondent has filed a motion to dismiss. (D.E. 11). Regarding this motion, petitioner asserts that "[t]he documents [he seeks to be produced] are not critical for a Rule 12(b) motion which turns on the pleadings...." (D.E. 15, at 3). Consequently, they do not need to be produced for purposes of petitioner responding to the motion to dismiss. Indeed, he has filed a response to the motion to dismiss. (D.E. 14).

Furthermore, a habeas petitioner is generally not entitled to discovery. Rather, "Rule 6 of the Rules Governing § 2254 cases permits discovery <u>only if and only to the extent that the district court finds good cause</u>." <u>Murphy v. Johnson</u>, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added); <u>see</u> <u>also</u> <u>United States v. Webster</u>, 392 F.3d 787, 801 (5th Cir. 2004) ("A habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'") (citation omitted). The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" <u>Lave v. Dretke</u>, 416 F.3d 372, 381 (5th Cir. 2005) (quoting <u>Ward v. Whitley</u>, 21 F.3d 1355, 1367 (5th Cir. 1994)). Petitioner has failed to establish

good cause warranting discovery or interrogatories in this habeas petition.

Accordingly, petitioner's "Motion For Production Within The Terms Set Forth In The Court's Service Of Process Order," (D.E. 15), is hereby DENIED.

ORDERED this 18th day of July 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE