IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN ENRIQUEZ | § | |
| | § | |
| v. | § | C.A. NO. C-06-207 |
| | § | |
| DOUG DRETKE[1] | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner is an inmate in the TDCJ-CID and is currently incarcerated at the

Michael Unit in Tennessee Colony, Texas.  Proceeding pro se, petitioner filed this

habeas corpus petition pursuant to 28 U.S.C. § 2254.  (D.E. 1).  Pending is

respondent's motion to dismiss for lack of jurisdiction.  (D.E. 11, at 3).

**I.  JURISDICTION**

The Court has jurisdiction to hear habeas challenges to state custody where

the conviction was obtained by a state court within its jurisdiction, or where the

inmate is in custody within its jurisdiction pursuant to 28 U.S.C. § 2241(d).

Petitioner is challenging a sentence imposed by the 105th District Court of Nueces

County, which lies within this Court's jurisdiction.

---

[1] Since the inception of this case, Doug Dretke has resigned from his position as Director
of Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID").
Effective June 1, 2006, Nathaniel Quarterman succeeded Mr. Dretke to the position of Director
of TDCJ-CID.  Accordingly, Mr. Quarterman should be substituted as the proper respondent.
See Fed. R. Civ. P. 25(d)(1).

## II.  BACKGROUND

Petitioner pleaded guilty and was convicted of first degree murder with malice in cause numbers 12474, 12475, and 12476 in the 105th District Court of Nueces County on October 20, 1969.  See (D.E. 1, at 2); (D.E. 11, at Ex. B).  His sentence was assessed at ninety-nine years imprisonment with the TDCJ-CID.  Id. He does not complain about his underlying conviction, but rather challenges his continued confinement by TDCJ-CID pursuant to this state conviction as unconstitutional because his sentence has been satisfied.  (D.E. 1, at 7-8).

Respondent filed a motion to dismiss for lack of jurisdiction.  (D.E. 11).  He argues that the petition should be dismissed because petitioner does not meet the custody requirement as required by federal habeas law.  Id. at 4.  He provides that petitioner's sentence stemming from the challenged state conviction was discharged as of September 18, 2002.  Id. at Ex. B.  He claims that his continued custody of petitioner is pursuant to a life sentence for another first degree murder with malice in cause number 3862 imposed by the 81st District Court in Karnes County, Texas, which is not subject to these proceedings.  Id. at 1 n.2.

In response to this motion, petitioner argues that respondent's motion is "factually, procedurally, and legally deficient."  (D.E. 14, at 1).  He claims that respondent has merely provided screen printouts that he himself had previously submitted to the Court, and therefore, respondent has failed to demonstrate that

summary dismissal is an appropriate remedy.  Id.  He further claims that the

motion is procedurally deficient because respondent failed to file an answer as

ordered by this Court.[2]  Id. at 2.

Petitioner also challenges the motion to dismiss on substantive grounds.  He

argues that despite respondent's claims to the contrary "prison officials have not

discharged him from these judgments, notwithstanding time credit in access [sic]

of 99 years, thus extending his confinement beyond the term of his sentence."

(D.E. 14, at 3) (citation omitted).  He points to statements made by two state courts

and parole officials indicating that his sentence in cause number 12474, 12475, and

12476 remain in effect.  Id. at 3-4.  Concerning respondent's claim that he is being

held pursuant to a sentence stemming from his conviction in cause number 3862,

he argues that his sentence in that case was vacated.  Id. at 5.  However, the records

provided by both petitioner and respondent indicate that the sentence in cause

number 3862 has not been discharged.[3]  See (D.E. 1, at Attach. 3-B, 4); (D.E. 11, at

Ex. A).

On July 20, 2006, petitioner filed a supplemental response to the motion.

---

[2] Petitioner previously moved the Court to compel respondent to provide him a copy of respondent's answer.  (D.E. 12).  As noted in the order denying his motion, respondent choose to file a motion to dismiss, in lieu of filing an answer.  See (D.E. 13).

[3] Custody of petitioner pursuant to cause number 3862 is not addressed in this memorandum because the petition does not challenge the legality of that conviction.  See (D.E. 1, at 2); see also (D.E. 1, Aff. of Juan Enriquez, ¶ 4) ("No. 3862, of course, is not the subject of these proceedings")

(D.E. 17). He argues the legal authority cited by respondent is distinguishable from his case because he has not served the actual full length of his sentence. Id. at 1. He asserts that discharge of his sentence can only be effectuated by a official discharge by prison officials. Id. at 2. He claims that despite accumulating sufficient time served to discharge his sentence, "prison officials refuse to award accumulated commutation time and to discharge Petitioner from the judgments sub judice." Id. at 3.

### III. APPLICABLE LAW

**A.     Motion to Dismiss Standard of Review.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims on the basis of dispositive law. Fed. R. Civ. P. 12(b)(6); Neitzke v. Williams, 490 U.S. 319, 326 (1989) (citations omitted). When ruling on a motion to dismiss, a court must accept the plaintiff's factual allegations as true, and view these allegations in a light most favorable to the plaintiff. Capital Parks, Inc. v. Se. Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir. 1994). Indeed, a court should not look beyond the pleadings. Cinel, 15 F.3d at 1341; McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992).

A Rule 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord

Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley). Thus,

the central question before the Court is whether the plaintiff's complaint states any

valid claim for relief. See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A & M

Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).

**B.      Petitioner Fails to Demonstrate the "In Custody" Requirement.**

Petitioner's writ of habeas corpus is subject to review pursuant to the

provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA

applies to habeas petitions filed after its effective date of April 24, 1996). To

warrant federal habeas corpus review, a state prisoner must satisfy two

jurisdictional prerequisites: first, that he is in custody, and second, that his claims

challenge the constitutionality of that custody.[4]  28 U.S.C. § 2241(c)(3);

Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 401 (2001). Appropriate

habeas corpus claims are those that call into question the fact, length, or conditions

of the petitioner's custody and seek an immediate or speedier release. See Preiser

v. Rodriguez, 411 U.S. 475, 484 (1973); Jackson v. Torres, 720 F.2d 877, 879 (5th

Cir. 1983) (per curiam).

---

[4] See 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998) (identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question").

For a petitioner to meet the "in custody" requirement, the challenged conviction must not have fully expired at the time of filing his petition.  See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  The threshold question in establishing jurisdiction of a federal district court to hear a particular habeas petition is whether the petitioner meets the "in custody" requirement.  Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam).  The Supreme Court noted that "[w]e have never held ... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed."  Id. at 491 (italics in original).

Here, petitioner challenges his confinement pursuant to his sentence resulting from his conviction in cause numbers 12474, 12475, and 12476 in the 105th District Court of Nueces County.  See (D.E. 1, at 2); (D.E. 11, at Ex. B).  Both petitioner and respondent have provided the Court with TDCJ-CID records that indicate these sentences were discharged.  See (D.E. 1, at Attach. 3-A); (D.E. 11, at Ex. B).  Respondent provides that petitioner is currently confined pursuant to a sentence in cause number 3862.  (D.E. 11, at 1 n.2).  Petitioner claims he continues to be held in custody because parole officials are under the belief that he remains confined pursuant to the challenged sentence.  (D.E. 14, at 4).  The dispositive issue here is not whether petitioner has actually served the full length of his sentence, but rather whether currently he is being confined pursuant to the

sentence.  TDCJ-CID records clearly indicate that his sentence has been

discharged.

In <u>Maleng</u>, the Supreme Court explained that "once the sentence imposed for

a conviction has completely expired, the collateral consequences of that conviction

are not themselves sufficient to render an individual 'in custody' for the purposes

of a habeas attack upon it."  490 U.S. at 492.  In <u>Hendrix v. Lynaugh</u>, 888 F.2d 336

(5th Cir. 1989), the Fifth Circuit held that a prisoner did not meet the "in custody"

requirement because his sentence had completely expired at the time of his filing

his petition despite his claim that his prior conviction affected his prison

classification, opportunity to earn good time credit, chance of receiving parole, and

his unit assignment.  <u>Id.</u> at 338.  It stated that "[e]nhancement is a collateral

consequence insufficient to render the petitioner 'in custody' under the previous

conviction."  <u>Id.</u> (citing <u>Maleng</u>, 490 U.S. at 492).  Here, TDCJ-CID records reflect

that petitioner's Nueces County convictions have been discharged.  Thus, it is

respectfully recommended that petitioner failed to show that he is being held "in

custody."  Accordingly, it is respectfully recommended that the Court lacks

jurisdiction over this matter.

**C.    Certificate of Appealability.**

An appeal may not be taken to the court of appeals from a final order in a

habeas corpus proceeding "unless a circuit justice or judge issues a certificate of

appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a

notice of appeal, it is respectfully recommended that this Court nonetheless address

whether he would be entitled to a certificate of appealability.  See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on

a certificate of appealability because "the district court that denies a petitioner

relief is in the best position to determine whether the petitioner has made a

substantial showing of a denial of a constitutional right on the issues before that

court.  Further briefing and argument on the very issues the court has just ruled on

would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a

substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of

the claims in the habeas petition and a general assessment of their merits."  Miller-

El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to

claims denied on their merits, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims

debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard

requires a § 2254 petitioner to demonstrate that reasonable jurists could debate

whether the motion should have been resolved differently, or that the issues

presented deserved encouragement to proceed further.  United States v. Jones, 287

F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a

petitioner must show both that "jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its

procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Here, it is respectfully recommended that reasonable jurists could not debate

the denial of petitioner's § 2254 petition on substantive or procedural grounds nor

find that the issues presented are adequate to deserve encouragement to proceed.

Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is

respectfully recommended that the Court find that petitioner is not entitled to a

certificate of appealability as to his claims.

## IV.  RECOMMENDATION

Based on the foregoing analysis, it is respectfully recommended that respondent's motion to dismiss for lack of jurisdiction, (D.E. 11), be granted, and that petitioner's habeas petition, (D.E. 1), be dismissed.  It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 20th day of July 2006.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).