IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN ENRIQUEZ | § | |
| | § | |
| v. | § | C.A. NO. C-06-207 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

Petitioner is a state inmate currently incarcerated at the Texas Department of Criminal Justice, Criminal Institutions Division's ("TDCJ-CID") Michael Unit in Tennessee Colony, Texas.  Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254.  (D.E. 1).  On July 20, 2006, a memorandum and recommendation was issued recommending that petitioner's habeas petition be dismissed for want of jurisdiction because he failed to show that he meets the custodial requirement of 28 U.S.C. § 2241(c)(3).  (D.E. 18).  Pending is petitioner's Motion for Magistrate to Reconsider His Recommendation to Grant Respondent's Motion to Dismiss.  (D.E. 22).

Petitioner raises several arguments challenging the memorandum's recommendations. First, he argues that the magistrate erroneously took into consideration exhibits provided by the respondent when ruling on the respondent's motion to dismiss.  (D.E. 22, at 5).  Second, he argues that the magistrate did not have discretion to not accept his allegations as true.  These allegations include: (1) his claim that his sentence could only be discharged by official discharge; (2) his claim that prison officials refused to credit him with accumulated time to discharge his sentence; (3) his claim that statements made by two state courts and parole board officials support his contention that his sentence has not been discharged; and (4) his claim that his sentence in an unrelated matter, cause 3862, has been vacated and accordingly TDCJ-CID

does not have lawful custody of him.  Id. at 6.  Finally, he argues that by applying the correct standard of review, the Court should find that his claims are viable and that his sentence pursuant to cause numbers 12474, 12475, and 12476 should be discharged.  Id. at 9.  He further asserts that he should be released from TDCJ-CID custody because he cannot be lawfully confined pursuant to cause 3862 as it has been vacated.  Id.

A motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted unless the petitioner is clearly unable to provide any facts that support his claim for relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); accord Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quoting Conley).  Thus, here the Court must determine whether the habeas petition presents a valid claim for relief.  See Conley, 355 U.S. at 45-46; Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997).  A state inmate seeking federal habeas review must first satisfy two jurisdiction prerequisites: first, that he is in custody, and second, that his claims challenge the constitutionality of that custody.  28 U.S.C. § 2241(c)(3); Lackawanna County Dist. Att'y v. Coss, 532 U.S. 394, 401 (2001).

Petitioner is correct that in ruling on a motion to dismiss the Court should not take into consideration matters outside the pleadings.  See Dillard v. Blackburn, 780 F.2d 509, 514 (5th Cir. 1986).  However, as the Fifth Circuit further explained in Dillard, "[m]any habeas cases can be resolved on issues that are fully determinable from the record and from the law."  Id. at 515.  Moreover, Rule 4 of the Rules Governing § 2254 Cases provides that the Court may take into consideration the petition and any exhibits annexed to it in determining whether the petition is subject to summary dismissal for failure to state a claim for which relief can be granted.

In this case, petitioner asserts that his sentences have not been discharged.  However,

2

records provided by petitioner indicate that his sentences in cause numbers 12474, 12475, and 12476 have been discharged.  (D.E. 1, at Attach. 3-A).  Furthermore, respondent provides in his answer that petitioner's continued detention is not pursuant to the challenged convictions, but rather pursuant to an unrelated charge stemming from cause number 3862.  (D.E. 11, at 1 n.2).

Accordingly, petitioner fails to show that he is being unconstitutionally confined, and thus, he fails to establish the Court's jurisdiction over the matter.  Concerning petitioner's claim that his sentence in cause number 3862 has been vacated, this claim is not addressed in this order, or in the previously issued memorandum.  (D.E. 18).  To the extent that he wishes to challenge his continued confinement on the basis of this conviction, he must file a separate habeas petition to obtain relief.

It is therefore ORDERED that petitioner's motion for reconsideration, (D.E. 22), is DENIED.[1]

ORDERED this 7th day of August 2006.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Clearly, petitioner may file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.  See also Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) ("a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted").