IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN ENRIQUEZ | § | |
| | § | |
| v. | § | C.A. NO. C-06-207 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**MEMORANDUM AND RECOMMENDATION TO**
**DENY PETITIONER'S MOTION FOR WRIT OF HABEAS CORPUS**

Petitioner is an inmate in the TDCJ-CID and is currently incarcerated at the Michael Unit in Tennessee Colony, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is petitioner's motion for writ of habeas corpus. (D.E. 33).

## I. JURISDICTION

The Court has jurisdiction to hear habeas challenges to state custody where the conviction was obtained by a state court within its jurisdiction, or where the inmate is in custody within its jurisdiction pursuant to 28 U.S.C. § 2241(d). Petitioner is challenging a sentence imposed by the 105th District Court of Nueces County, which lies within this Court's jurisdiction.

## II. BACKGROUND

Petitioner pleaded guilty and was convicted of first degree murder with malice in cause numbers 12474, 12475, and 12476 in the 105th District Court of Nueces County on October 20, 1969. See (D.E. 1, at 2). His sentence was

assessed at ninety-nine years imprisonment with the TDCJ-CID for each of the three convictions.  Id. at 2, 17.  Petitioner does not complain about his underlying conviction, but rather challenges his continued confinement by TDCJ-CID pursuant to this state conviction as unconstitutional because his sentence has been satisfied.  (D.E. 1, at 7-8).

Respondent filed a motion to dismiss for lack of jurisdiction.  (D.E. 11).  In response to this motion, petitioner argued that respondent's motion is "factually, procedurally, and legally deficient."  (D.E. 14, at 1).  On July 20, 2006, petitioner filed a supplemental response to the motion.  (D.E. 17).

A memorandum and recommendation was issued recommending that the petition be dismissed for lack of jurisdiction.  (D.E. 18, at 10).  Petitioner's sentence stemming from the challenged state convictions in cause numbers 12474, 12475, and 12476 were discharged as of September 18, 2002.  (D.E. 1, at 17, 21-22); (D.E. 11, at Ex. B).  Instead, he is still in custody based on a life sentence for another first degree murder with malice in cause number 3862 imposed by the 81st District Court in Karnes County, Texas, which is not subject to these proceedings.  (D.E. 1, at 18, 20); (D.E. 11, at 1 n.2).

Although petitioner claims he continues to be held in custody because parole officials are under the belief that he remains confined pursuant to the challenged three sentences, (D.E. 14, at 4), the dispositive issue here is not whether petitioner

has actually served the full length of his sentences, but rather whether currently he is being confined pursuant to the sentences. TDCJ-CID records clearly indicate that his sentence has been discharged. Thus, it was recommended that petitioner failed to show that he is being held "in custody." Accordingly, it was recommended that the Court lacks jurisdiction over this matter. See (D.E. 18, at 5-7).

On August 23, 2006, the Court adopted the memorandum and recommendation. (D.E. 30). That same day, it entered final judgment. (D.E. 31). The pending motion was filed on August 25, 2006.

### III. DISCUSSION

In his pending motion, petitioner argues that "[t]he trial court in No. 3862 did not have jurisdiction in 1972 to reform or re-enter Petitioner's judgment because Petitioner's case was final." (D.E. 33, at 1). Of course, this argument is misplaced because he is challenging his convictions in cause numbers 12474, 12475, and 12476. (D.E. 1, at 2). Although cause number 3862 is the conviction for which he is still in custody, it is irrelevant to this petition because he asserted that "No. 3862, of course, is not the subject of these proceedings." Id. at 14.[1]

Despite this admission, he continues by arguing that TDCJ officials do not

---

[1] Indeed, if petitioner feels that he should not be held in custody for his conviction in cause number 3862, then he should challenge that conviction in the San Antonio Division of the Western District of Texas. 28 U.S.C. § 124(d)(4).

3

have conclusive proof of a sentence in cause number 3862.  (D.E. 33, at 2).  Specifically, the document provided by petitioner states that "[t]he Director does not have a copy of the judgment and sentence documenting Enriquez's holding conviction in cause number 3862."  Id.; (D.E. 1, at 23).  Of course, this quoted language establishes that TDCJ is holding petitioner based on his conviction in cause number 3862.  TDCJ simply acknowledged that it has lost a copy of the paperwork.  It further indicated that petitioner was sentenced to "life imprisonment."  (D.E. 1, at 23); see also id. at 18, 20.

Instead of establishing that petitioner is held in custody pursuant to convictions that have been discharged, he simply argues that the merits of his claim should have been addressed in addition to the decision on the jurisdictional merits. (D.E. 33, at 2) (citing Williamson v. Tucker, 645 F.2d 404, 415-16 (5th Cir. 1981)).  TDCJ records repeatedly provided by both parties establish that petitioner is not in custody for the convictions that he challenges in this petition.  The Fifth Circuit has interpreted Williamson as inapplicable when a litigant's claims are wholly insubstantial or frivolous.  Eubanks v. McCotter, 802 F.2d 790, 793 (5th Cir. 1986) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1945)).  "This 'standard is met only where the plaintiff's claim 'has no plausible foundation' or 'is clearly foreclosed by a prior Supreme Court decision.'"  Eubanks, 802 F.2d at 793 (quoting Williamson, 645 F.2d at 416).

Petitioner has provided nothing to support his claims that he is being held pursuant to convictions in cause numbers 12474, 12475, and 12476 as opposed to cause number 3862. It is well-established that "conclusory allegations are insufficient to raise a constitutional issue." Beazley v. Johnson, 242 F.3d 248, 270 (5th Cir. 2001). Moreover, in light of the fact that all officials records establish that petitioner is in custody pursuant to cause number 3862, it is respectfully recommended that his argument is wholly insubstantial or frivolous as there is no plausible foundation for his claims.

## IV.  RECOMMENDATION

Based on the foregoing analysis, it is respectfully recommended that petitioner's motion for writ of habeas corpus, (D.E. 33), be denied.

Respectfully submitted this 11th day of September 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

5

## **NOTICE TO THE PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).