IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN ENRIQUEZ | § | |
| | § | |
| VS. | § | C.A. NO. C-06-207 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**ORDER GRANTING PETITIONER'S**
**MOTION TO ALTER OR AMEND JUDGMENT**

Petitioner Juan Enriquez ("Enriquez") has filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (D.E. 35). For the reasons stated herein, Enriquez' Rule 59(e) motion is GRANTED.

## I. BACKGROUND

Enriquez filed his § 2254 petition for habeas corpus relief on May 16, 2006, challenging as unconstitutional three murder convictions out of Nueces County, Texas, Cause Nos. 12474, 12475, and 12476, for which he was sentenced to 99-years in prison on each. (D.E. 1). Respondent moved to dismiss the petition for lack of jurisdiction, arguing that, according to the TDCJ-CID Commitment Inquiry, he had discharged the three sentences on September 18, 2002, such that he was no longer in custody as to those convictions for purposes of § 2254 jurisdiction. (D.E. 11). Enriquez filed a response in opposition to the motion to dismiss. (D.E. 14).

By Memorandum and Recommendation entered July 20, 2006, the magistrate judge recommended that respondent's motion to dismiss be granted. (D.E. 18). Enriquez filed objections to the recommendation. (D.E. 25, 27, 29). By order and final judgment entered August 23, 2006, the Court granted respondent's motion to dismiss, denied Enriquez' petition, and denied a request for a certificate of appealability ("COA"). (See D.E. 30, 31).

On August 29, 2006, Enriquez executed the instant motion to alter or amend judgment. (See D.E. 35 at 2). Also pending is Enriquez' Rule 60(b) motion to vacate judgment and supplement

thereto (D.E. 36, 37 ) and motion for expedited ruling on the Rule 59(e) motion (D.E. 53).

## II. DISCUSSION

### A. Rule 59(e).

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000). In this case, final judgment was entered on August 23, 2006, (D.E. 31), and petitioner's motion to alter or amend was executed on August 29, 2006. (D.E. 35 at 2). That is the earliest date he could have placed it in the prison mail system, and it is deemed filed as of that date. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998). Therefore, Enriquez' motion is properly considered a Rule 59(e) motion to alter or amend judgment.

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment." In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). A judgment may be altered or amended under Rule 59(e) if: (1) a need to correct a manifest error in law exists; (2) the movant uncovered new evidence that was reasonably unknown prior to the entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted). When entertaining a motion to reconsider, the court may also consider; (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. Ford v. Elsbury, 32 F.3d 931, 937-38 (5th Cir. 1994).

Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider

the grounds for such a motion. Atkins v. Marathon Le Torneau Co., 130 F.R.D. 625 626 n. 1 (S.D. Miss 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." Id.

**B. Analysis.**

In his motion to alter or amend trial, Enriquez argues the challenged murder sentences have ***not*** been discharged but in fact, are still in effect. In support of his motion, he offers the affidavit of a former voting member of the Texas Board of Pardons and Paroles, Ms. Helen Copitka. (See D.E. 36, at 7-8, Copitka Aff't). Ms. Copitka confirms that Enriquez was convicted of first degree felony murder in Cause Nos. 12474, 12475, and 12476, and sentenced to 99 years in each action. Id. Ms. Copitka states that the Court incorrectly found that Enriquez had discharged his sentences on September 18, 2002. Id. at 8. Ms. Copitka explains that the September 18, 2002 date, identified on the TDCJ-CID Commitment Inquiry as a "discharge date," was the ***minimum expiration date*** initially calculated when Enriquez arrived in prison. Id. She explains that this minimum expiration date ***changes*** based on promotions or demotions in time earning class and completion of TDCJ-CID programs, such as G.E.D., a vocational class, and On-The-Job-Training. That it, it is only a projected release date that ***might*** occur in the future, based on information at the time an individual enters the prison system.

Ms. Copitka points out that, in November 20, 2003, more than a year after the minimum expiration date, Enriquez was still in prison under the Nueces County convictions, and the Thirteenth Court of Appeals made note of it in its opinion. (See D.E.36, Attachment No. 3). In addition, on November 10, 2004, the Texas Court of Criminal Appeals noted that Enriquez was still in custody on the Nueces County convictions. (See D.E. 36, Attachment No. 4).

Finally, Ms. Copitka states that the TDCJ-CID Commitment Inquiry data offered by respondent

was not accurate with its minimum discharge date. (D.E. 36, Attachment No. 2). Rather than a minimum discharge date, the TDCJ-CID prefers to classify 99 year sentences as sentences which cannot be discharged, and instead, assign a CTO date of 01/01/0001. (Compare D.E. 36, Attachment No. 1 with Attachment No. 2). Ms. Copitka concludes that the 99-year sentences have not been discharged, and remain in effect.

Respondent has failed to address the evidence offered by Enriquez.

Enriquez has offered new, uncontroverted evidence that demonstrates respondent's interpretation of the TDCJ-CID discharge date was incorrect and incorrectly presented to the Court. Enriquez is still in custody for the Nueces County convictions. Accordingly, the Court GRANTS his Rule 59(e) motion for relief.

Respondent is ORDERED to respond to Enriquez' petition within thirty (30) days of the date of entry of this order.

All other pending motions are denied.

ORDERED this 21st day of December, 2006.

Janis Graham Jack
United States District Judge