IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN ENRIQUEZ | § | |
| | § | |
| v. | § | C.A. NO. C-06-207 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**AMENDED MEMORANDUM AND
RECOMMENDATION TO DENY PETITIONER'S RULE 60(b) MOTION**

This is a petition for writ of habeas corpus filed by a state prisoner in the custody of the Texas Department of Criminal Justice ("TDCJ") pursuant to 28 U.S.C. § 2254. Pending is petitioner's motion to vacate a judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (D.E. 92). For the reasons stated herein, it is respectfully recommended that the motion be denied.

## I. BACKGROUND

On May 16, 2006, petitioner filed a petition for writ of habeas corpus, alleging that he was illegally confined past the discharge of his sentences in cause numbers 12474, 12475, and 12476 in Nueces County, which were imposed pursuant to a broken plea agreement. (D.E. 1). On June 29, 2006, respondent filed a motion to dismiss the petition for lack of jurisdiction, asserting that petitioner was no longer confined pursuant to the three sentences he challenged in his petition. (D.E. 11). On July 20, 2006, a memorandum and recommendation was

entered to dismiss the petition for lack of jurisdiction. (D.E. 18). On August 23, 2006, the Court adopted the memorandum and recommendation and entered final judgment. (D.E. 30, 31).

On September 1, 2006, petitioner filed a motion to alter or amend the judgment, asserting that the sentences in cause numbers 12474, 12475, and 12476 that he challenged had not been discharged. (D.E. 35). In support of his motion, he provided an affidavit of a former member of the Board of Pardons and Paroles. (D.E. 34). He also filed a Rule 60(b) motion to the same effect, further alleging that the Court's order was based on an error of law. (D.E. 36). On September 11, 2006, a memorandum and recommendation was entered to dismiss the petition on the grounds that the Court lacked jurisdiction. (D.E. 37). On September 21, 2006, the Court adopted the memorandum and recommendation and entered final judgment. (D.E. 39, 40). On December 21, 2006, the Court granted petitioner's motion to alter the judgment, finding that he had presented new and uncontroverted evidence that he in fact was still confined pursuant to the sentences in cause numbers 12474, 12475, and 12476. (D.E. 54).

On January 8, 2007, respondent filed a motion to alter the judgment, asking the Court to reconsider its December 21, 2006 order. (D.E. 55). In support of his motion, respondent attached certificates of discharge in cause numbers 12474,

12475, and 12476. Id. at Exs. A-C. On January 17, 2007, the Court granted respondent's motion, finding that he had presented uncontroverted evidence that petitioner's sentences had been discharged in cause numbers 12474, 12475, and 12476. (D.E. 58).

On February 5, 2007, petitioner filed a notice of appeal. (D.E. 65). On October 26, 2007, the Fifth Circuit denied petitioner's motion for certificate of appealability. (D.E. 91).

On December 22, 2008, petitioner filed the instant motion to vacate the judgment. (D.E. 92). He claims that the discharge certificates regarding cause numbers 12474, 12475, and 12476 provided to the Court by respondent are fabricated and that the Assistant Attorney General knew that they were fabricated; he also asserts that a manifest injustice would result if the judgment is not vacated because it is based on a finding that his sentences have been discharged when in fact they have not. Id. at 4.

On January 5, 2009, respondent filed a response denying any misrepresentation. (D.E. 93). Moreover, respondent's counsel ran a Commitment Inquiry search concerning petitioner's TDCJ records. Id. at 1-2. These records indicate that petitioner was discharged for cause numbers 12474, 12475, and 12476 from Nueces County on September 18, 2002. Id. at Ex. A. He is still serving a life

3

sentence for his conviction in cause number 3862 from Karnes County.  See generally Enriquez v. State, 429 S.W.2d 141 (Tex. Crim. App. 1968).

On January 21, 2009, petitioner filed a reply to the response.  (D.E. 95).  On January 22, 2009, he separately filed an exhibit in support of his reply.  (D.E. 96).  He maintains that he has new information in the form of a statement by Assistant Attorney General J. Lee Haney which establishes that he is still serving the sentences in cause numbers 12474, 12475, and 12476 from Nueces County.  Id. at 3.

## II.  DISCUSSION

### A.     Petitioner Is Not Entitled To Relief Pursuant To Rule 60.

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment.  Fed. R. Civ. P. 60(b)(1)-(5).  In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated

grounds; relief will be granted only if "extraordinary circumstances" are present. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). Generally, Rule 60(b) is not to be used as a substitute or alternative to appeal. Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir. 1987) (citations omitted). Such a motion must be made within one year after entry of judgment for subsections (1), (2), and (3), and otherwise, within a reasonable time. Fed. R. Civ. P. 60(b).

Petitioner alleges several grounds for relief pursuant to Rule 60(b). First, he asserts that he has newly discovered evidence which provides a basis for relief. (D.E. 95). He claims that Assistant Attorney General Haney informed him that he was still in custody pursuant to the challenged sentences in cause numbers 12474, 12475, and 12476, which she learned as a result of a commitment inquiry she undertook in connection with a separate civil rights case. Id. at 4; see also (D.E. 92, at 7). He claims that Anthony Holmes, the law library supervisor for the Michael Unit, was present at the telephonic hearing in which Ms. Haney made this statement. (D.E. 92, at 7). However, petitioner does not provide an affidavit from either Ms. Haney or Mr. Holmes in support of his claims.

Newly discovered evidence may provide a basis for relief from judgment pursuant to Rule 60(b)(2). As the Fifth Circuit has explained, "[f]actually incorrect

5

judgments are the subject of Rule 60(b)(2), which provides for relief from judgment on the grounds of 'newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).'" Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 n.4 (5th Cir. 1978). The new evidence "must be 'such that a new trial would probably produc[e] a new result.'" Id. (citation omitted). The burden is on the movant to demonstrate that the new evidence offered meets the standard enunciated by the Rule and that he could not have discovered it earlier through due diligence. See Goldstein v. MCI WorldCom, 340 F.3d 238, 257-58 (5th Cir. 2003).

    Petitioner fails to provide an affidavit from Ms. Haney. More important, he has not established how an attorney who is uninvolved in this habeas petition, and who was defending a civil rights action involving petitioner, could have knowledge material to this case. He ignores TDCJ records that document his release from the Nueces County convictions in cause numbers 12474, 12475, and 12476 – consistent with the certificates of discharge – while establishing he is serving a sentence from a Karnes County conviction in cause number 3862. (D.E. 93, Ex. A.) Consequently, petitioner fails to meet his burden. Moreover, even if petitioner could meet his burden, his claim under 60(b)(2) is barred because he brought it more than one year after the entry of the judgment challenged by his motion. Fed.

R. Civ. P. 60(c)(1). Accordingly, it is respectfully recommended that petitioner fails to establish that he is entitled to relief pursuant to Rule 60(b)(2).

Second, petitioner claims that respondent committed fraud by presenting false discharge papers in support of his Rule 59(e) motion. (D.E. 92, at 4). The Fifth Circuit has explained that "[a] party making a Rule 60(b)(3) motion must 'establish by clear and convincing evidence that (1) the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'" <u>Government Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.</u> 62 F.3d 767, 772 (5th Cir. 1995) (citations omitted).

Here, petitioner provides no evidence of fraud, relying merely on conclusory allegations that the discharge certificates regarding cause numbers 12474, 12475, and 12476 were fabricated. He claims that Ms. Haney told him that he was still in custody pursuant to the challenged sentences in cause numbers 12474, 12475, and 12476, but he does not provide an affidavit from her, or otherwise establish her authority to contradict the discharge certificates provided by respondent. There is no evidence that Ms. Haney is even aware of the discharge certificates in cause numbers 12474, 12475, and 12476. If Ms. Haney made such a statement, it is unknown what she relied on in allegedly making the statement. Additionally, a motion brought pursuant to Rule 60(b)(3) must be filed within one year of the

entry of the challenged judgment. Fed. R. Civ. P. 60(c)(1). Petitioner's motion was filed two years after the entry of the challenged judgment. Accordingly, it is respectfully recommended that he has failed to establish that he is entitled to relief pursuant to Rule 60(b)(3).

      Third, petitioner alleges that a manifest injustice would result if the challenged judgment were allowed to stand in this case. (D.E. 92, at 5). He claims that he remains in custody pursuant to the sentences challenged in his habeas petition. Id. He asserts that the judgment was based on false discharge certificates and misleading computer reports provided to the Court by respondent. Id. Courts have found few narrowly-defined situations that clearly present "other reasons justifying relief." For example, courts have used Rule 60(b)(6) to return the parties to status quo where one party has failed to comply with a settlement agreement, where fraud not covered by subsection (3) is present, or when the losing party fails to receive notice of entry of judgment in time to file an appeal. See 11 Charles Alan Wright, et al. Federal Practice and Procedure § 2864 (2d ed. 1995). The Fifth Circuit has declined to use Rule 60(b)(6) based on a change in federal law. See, e.g., Bailey v. Stevedoring Co., 894 F.2d 157, 160 (5th Cir. 1990) (citations omitted) (even a change in federal law does not constitute extraordinary circumstances). Here, petitioner is in custody pursuant to a conviction in cause

number 3862 from Karnes County. He does not challenge that conviction. Petitioner does not provide a basis for vacating the convictions in cause numbers 12474, 12475, and 12476 pursuant to Rule 60(b)(6).

Moreover, this claim essentially reiterates petitioner's claim of fraud under Rule 60(b)(3). The Fifth Circuit "has consistently held that relief under 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." Hesling v. CSX Transp., Inc., 396 F.3d 632, 643 (5th Cir. 2005) (citation omitted); accord Bailey, 894 F.2d at 160. Therefore, "[petitioner] cannot obtain relief under 60(b)(6) where the allegations of fraud or misconduct are essentially the identical grounds for relief sought under [his] 60(b)(3) motion." Hesling, 396 F.3d at 643. Petitioner points to no other "extraordinary circumstances" necessary to warrant relief under Rule 60(b)(6).

Finally, petitioner seeks relief pursuant to Rule 60(d)(3), which provides that a court retains the power to "set aside a judgment for fraud on the court." He alleges that the discharge certificates for cause numbers 12474, 12475, and 12476 on which the Court's judgment was based are fabricated and that the Assistant Attorney General who provided the certificates to the Court knew they were fabricated. (D.E. 92, 95). Ordinarily, "intrinsic fraud, that is, fraudulent evidence on which a judgment is based, is not grounds to set aside a judgment." Fierro v.

9

Johnson, 197 F.3d 147, 155 (5th Cir. 1999) (quoting Browning v. Navarro, 826 F.2d 335, 344 (5th Cir. 1987)).  However, a judgment may be attacked "on the basis of intrinsic fraud that results from corrupt conduct by officers of the court." Id.  Here, while petitioner alleges intrinsic fraud, he also asserts that it was committed with the knowledge of an officer of the court.

However, petitioner fails to carry the burden of showing "an unconscionable plan or scheme which is designed to improperly influence the court in its discretion." Id. at 154 (quoting First Nat'l Bank of Louisville v. Lustig, 96 F.3d 1554, 1573 (5th Cir 1996)).  This requires a showing of "egregious misconduct, such as ... the fabrication of evidence by a party in which an attorney is implicated." Id.

Petitioner claims that the discharge certificates submitted by the respondent in this action for his convictions in cause numbers 12474, 12475, and 12476 are fabricated and do not accurately reflect the status of his sentences.  As evidence of this assertion, he alludes to a statement by Ms. Haney informing him that he is still in custody pursuant to the challenged sentences and a print-out from a computer indicating that his maximum expiration date remains October 20, 2067.  (D.E. 95, 96).  However, he does not provide an affidavit from Ms. Haney nor does he establish that she has authority to contradict the discharge certificates.  The

computer print-out he provides is undated. He provides no evidence sufficient to establish that the discharge certificates authorized by Director Quarterman and signed by his deputy discharging petitioner's sentences as of September 18, 2002 regarding his convictions in cause numbers 12474, 12475, and 12476, see (D.E. 55, at 10-14), represent an attempt to defraud the Court. Indeed, the records are clear that petitioner is still in custody for his Karnes County conviction in cause number 3862. (D.E. 93, Ex. A, at 2). Accordingly, it is respectfully recommended that he has failed to establish a fraud upon the Court. It is therefore respectfully recommended that his motion be denied.

**B.     Petitioner's Motion Should Be Treated As A Successive Petition And Dismissed For Want Of Jurisdiction.**

Alternatively, it is respectfully recommended that petitioner's motion should be treated as a successive petition. The Antiterrorism and Effective Death Penalty Act "made it significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772 (5th Cir. 1999). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. This Court has no jurisdiction to consider claims in a habeas action that is "second or successive"

unless authorized by the Fifth Circuit. 28 U.S.C. § 2244(b)(3)(A); see also Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) ("'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one'") (quoting United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)).

When a Rule 60(b) motion requests that a prisoner's conviction be set aside on constitutional grounds, courts in the Fifth Circuit may treat it as a successive petition pursuant to 28 U.S.C. § 2244(b). Hess v. Cockrell, 281 F.3d 212, 214 (5th Cir. 2002) ("We have stated that Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'") (quoting Fierro, 197 F.3d at 151); United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998) ("courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 petitions"); Chase v. Epps, 74 Fed. Appx. 339, 345 (5th Cir. 2003) (per curiam) (unpublished) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive ... application.") (citations omitted).

Here, petitioner's Rule 60(b) motion is predicated on essentially the same claim as his habeas petition; that is, he asserts that he is in custody pursuant to unlawful sentences. Therefore, his Rule 60(b) motion may be treated as a successive petition. He has not moved the Fifth Circuit to authorize this Court to consider a successive petition, and this Court has not obtained any such authorization. Accordingly, it is respectfully recommended that the Court lacks jurisdiction to consider petitioner's claim.

### III.  CONCLUSION

For the reasons stated herein, it is respectfully recommended that petitioner's motion to vacate a judgment pursuant to Rule 60(b), (D.E. 92), be denied for lack of merit, or, in the alternative, dismissed for want of jurisdiction.

Respectfully submitted this 6th day of February 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).