UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JUAN ENRIQUEZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. C-06-207 |
| § | |
| NATHANIEL QUARTERMAN, § | |
| § | |
| Respondent. § | |

**ORDER DENYING PETITIONER'S**
**MOTION FOR CERTIFICATE OF APPEALABILITY**

Pending is petitioner's motion for a certificate of appealability ("COA") on the denial of his motion for relief from judgment. For the reasons stated herein, petitioner's request for a COA is denied.

**I. Background**

Petitioner filed his § 2254 petition with this Court on May 16, 2006, challenging his confinement on three state sentences. (D.E. 1). On August 23, 2006, the Court granted respondent's motion to dismiss finding that petitioner was no longer confined pursuant to the three challenged sentences, although he did remain incarcerated on an unrelated conviction. (D.E. 30, 31). On September 1, 2006, petitioner filed a motion to alter or amend the judgment arguing that the sentences had not been discharged. (D.E. 35). In support of his motion, he provided an affidavit of a former member of the Board of Pardons and Paroles. (D.E. 34). On December 21, 2006, the Court granted petitioner's motion to alter the judgment, finding that he had presented new and uncontroverted evidence that he was still confined pursuant to the three challenged sentences. (D.E. 54).

On January 8, 2007, respondent moved the Court to reconsider its December 21, 2006 order. (D.E. 55). In support of his motion, respondent attached certificates of discharge in the three challenged actions. Id. at Exs. A-C. On January 17, 2007, the Court granted respondent's motion, finding that the evidence established that petitioner's challenged sentences had been discharged. (D.E. 58).

On February 5, 2007, petitioner filed a notice of appeal. (D.E. 65). On October 26, 2007, the Fifth Circuit denied petitioner's motion for certificate of appealability. (D.E. 91).

On December 22, 2008, petitioner filed a second motion to vacate the judgment. (D.E. 92). Plaintiff argued that the discharge certificates provided by respondent were fabricated and that the Assistant Attorney General knew that they were fabricated; he also argued that a manifest injustice would result if the judgment was not vacated because it was based on a finding that his sentences had been discharged when in fact they had not. Id. at 4.

On January 5, 2009, respondent filed a response denying any misrepresentation. (D.E. 93). Moreover, respondent's counsel ran a Commitment Inquiry search concerning petitioner's TDCJ records. Id. at 1-2. These records indicate that petitioner was discharged for the challenged sentences entered in cause numbers 12474, 12475, and 12476 from Nueces County on September 18, 2002. Id. at Ex. A. He is still serving a life sentence for his conviction in cause number 3862 from Karnes County. See generally Enriquez v. State, 429 S.W.2d 141 (Tex. Crim. App. 1968).

On May 18, 2009, the Court denied petitioner's second Rule 60(b) motion. (D.E. 107). On June 29, 2009, petitioner filed a notice of appeal concerning the denial of his second Rule 60(b) motion. (D.E. 109). His notice of appeal is construed as a request for a certificate of appealability. See Rule 22(b), Fed. R. App. P.

## II. Discussion

To obtain a COA, petitioner must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (a certificate of appealability "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right"). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483). As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

In this case, the Court denied plaintiff's Rule 60(b) motion because petitioner failed to produce any evidence to support his conclusory allegations that the discharge certificates were fabricated her false. Moreover, the uncontroverted evidence established that the three Nueces County sentences petitioner was attempting to challenge in this action had been fully discharged, and that he was being held pursuant to his life sentence entered in the Karnes County proceeding, action, such that the Court was without jurisdiction to consider his claims. Petitioner offers no new arguments or evidence to challenge these findings, and therefore, there are no issues upon which reasonable jurists could debate.

In addition, petitioner's second Rule 60(b) motion for relief was treated as a successive petition because he was essentially seeking to set aside his convictions on constitutional grounds, not merely challenging the denial of his § 2254 petition. See Hess v. Cockrell, 281 F.3d 212, 214 (5th Cir. 2002) ("We have stated that Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'") (citation omitted). Petitioner's second Rule 60(b) motion was predicated on essentially the same claims as raised in his habeas petition; that he is in custody pursuant to unlawful sentences. Thus, it was appropriate to treat his Rule 60(b) motion as a successive petition. Petitioner did not move in the Fifth Circuit to authorize this Court to consider a successive petition. See 28 U.S.C. § 2244(b)(30(A) (before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application). Thus, this Court did not have authorization to consider petitioner's claim, and his Rule 60(b) motion was properly denied.

### III. Conclusion

Reasonable jurist would not debate that petitioner's Rule 60(b) motion was properly denied because the challenged sentences were discharged, rendering this Court without jurisdiction to consider his claim, and in the alternative, dismissed on procedural grounds as a successive petition. Accordingly, petitioner is not entitled to a COA. Thus, petitioner's request for a certificate of appealability (D.E. 109), is DENIED.

SIGNED and ORDERED this 3rd day of November, 2009.

_____
Janis Graham Jack
United States District Judge